FREESE *v.* VEITH.

*(City Court of New York, General Term.* October 3, 1889.)

EVIDENCE—RELEVANCY AND MATERIALITY.

In an action on a promissory note defendant claimed credits for commissions on beer sold him, of 15 per cent., under contract with plaintiff's agent. Plaintiff alleged that the commissions had been paid. When testifying, the agent was asked whether at the time he ceased collecting from defendant there were any claims by the latter against plaintiff for commissions. It appeared that the agent ceased collecting April 1st; that the transaction continued till July 10th; and that the payments for beer during that time were $341.20, the commissions on which, under the contract, would have amounted to only $51.80. Defendant was allowed $244.50. *Held,* that the question was not immaterial, as the answer might have shown that the commissions had been paid.

Appeal from judgment on report of referee.

Action by Charles Freese against John Veith, on a promissory note. Defendant pleaded counter-claim and set-off. Testimony was taken before a referee, on whose findings judgment was entered for defendant, from which judgment plaintiff appeals.

Argued before MCADAM, C. J., and NEHRBAS and McGOWN, JJ.

*David Eilan*, for appellant.   *Berger Hoffman*, for respondent.

PER CURIAM.   The plaintiff admits that he gave his collector authority to make any arrangements he deemed best to induce the defendant to take his beer.   The defendant and his witness swear that the collector agreed to allow the defendant 15 per cent. and a keg of beer as commission on all goods purchased.   It was conceded that the amount of beer purchased by the defendant from the plaintiff aggregated $1,630.   Fifteen per cent. on this amounts to $244.50, and this is the sum the referee allowed to the defendant.   From this he deducted $88.70, received on account for commissions, and $175.95, the note sued upon, with interest, and gave judgment in favor of the defendant for the balance, $22.07.   The plaintiff claims that he settled the commission from time to time, as bills were paid; but this is denied by the defendant, except as to the $88.70 credited and allowed by the referee.

It seems to us that the question tried was one of fact, and that the finding of the referee, being supported by evidence, should not be disturbed.   The difficulty in the case is presented by the exception at folio 74 of the appeal-book, wherein it appears that the plaintiff asked his collector, while on the stand as a witness, whether at the time he ceased to collect from the defendant there were any claims on the part of the latter against the plaintiff for commissions.   This was the point directly in issue.   The question, in the form in which it was put, was not objected to, and was excluded solely as "immaterial."   This was error.   The witness was collector until April, 1886.   The transactions continued until July 10, 1886.   The payments made after March, 1886, aggregated $341.20.   If this approximately represents the beer sold after March, 1886, the commission thereon, at 15 per cent., would aggregate only $51.80.   The referee allowed the defendant for commissions $244.50, from which he deducted $88.70 paid, and in effect gave the defendant a judgment for the difference, $155.80.   If the account for commission had been settled to April, 1886,—and the collector might have so testified,—this amount would not have been due to the defendant.   At all events, the evidence offered was not "immaterial."   It was relevant to the issue; and, the form of the question not having been objected to, the testimony ought to have been received.   While we have sustained the referee in his findings on the facts, we would have decided the case differently upon the evidence, particularly in view of the fact that the note sued upon was given after all the transactions had been closed, and, presumptively, all prior obligations had been paid.   *Lake* v. *Tysen*, 6 N. Y. 461.   We put our decision, however, on the error in refusing to admit the testimony of the collector at folio 74, and agree that for this reason the judgment appealed from must be reversed, the order of reference vacated, and a new trial ordered, with costs to the appellant to abide the event.

All concur.